UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID WILSON, | Civil Action No. 17-694 (JLL) |
| Plaintiff, | |
| v. | OPINION |
| ESSEX COUNTY JAIL RE-ENTRY PROGRAM, et al., | |
| Defendants. | |

**LINARES**, District Judge:

Currently before the Court is motion of Plaintiff, David Wilson, seeking leave to amend his complaint. (ECF No. 7).  Because leave to amend is warranted in this matter as Plaintiff's complaint has yet to be served, this Court will grant that motion.  Because the court is granting Plaintiff's motion to amend, and since Plaintiff has previously been granted *in forma pauperis* status (*see* ECF No. 5), this Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  Pursuant to these statutes, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune.  Also before the Court at this time are Plaintiff's Motions for the Appointment of Counsel (ECF No. 6) and for a Preliminary Injunction (ECF Nos. 4, 9).  For the reasons set forth below, this Court will permit Plaintiff's failure to protect claim to proceed at this time against Defendant Davis only, dismisses the Essex County Jail from this matter with prejudice, dismisses all of Plaintiff's remaining claims without prejudice, and denies Plaintiff's motions (ECF Nos. 4, 6, 9) without prejudice.

## I. BACKGROUND

In his amended complaint, Plaintiff presents the following factual allegations. At about 5:30 p.m. on January 4, 2017, while Plaintiff was incarcerated in the Essex County Jail as part of the jail's re-entry program, Plaintiff was locked into his cell with two inmates, one of whom was named Harper, by his housing unit's unit officer, Defendant S. Davis. (Document 1 attached to ECF No. 7 at 4). After the officer locked these two other inmates into Plaintiff's cell with Plaintiff, they proceeded to assault him, ultimately beating him severely enough to warrant treatment in the hospital. (*Id.* a 4-5). Davis apparently encouraged this beating, and then fled the scene once the assault began. (*Id.*). Harper and his associate also apparently stole a pair of headphones from Plaintiff after they beat him. (*Id.*). Plaintiff contends that, after the assault occurred, Davis "maliciously fabricated" a report in which he stated that Harper and Plaintiff had been fighting, and Harper's associate merely broke up a fight between the two. (*Id.*). This report resulted in disciplinary proceedings, which ultimately led to Plaintiff being ordered to spend approximately six months in administrative segregation for fighting and to lose "comp. time" credits against his sentence. (*Id.* at 7-14).

Plaintiff also states that the jail's re-entry program did not have a handbook or rules regarding who could enter another prisoner's cell, nor about when a prisoner's cell could be locked by an officer with others inside. (*Id.* at 10-11). Plaintiff asserts that this lack of rules amounts to the County of Essex and the warden of the jail, Charles Green, unconstitutionally failing to adopt regulations which would have prevented his assault. (*Id.*). Plaintiff does not specify what regulations he believes should have been in place, nor how those regulations would have prevented his assault other than to suggest that he would not have been beaten had there been rules regarding the freedom of inmates to move into the cells of others. Also, Plaintiff states in his amended

complaint his belief that Green had "constructive knowledge" of the beating and false report, and allowed disciplinary proceedings to occur in any event, and that Green failed to reprimand or properly punish Davis. (7, 10-11).

## II. DISCUSSION

### A. Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has been granted *in forma pauperis* status.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).    Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## B. Analysis

Plaintiff seeks to make claims against the County of Essex,[2] the Essex County Jail, the jail's warden Charles Green, and a corrections officer of the jail named S. Davis for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)).    Here, Plaintiff attempts to assert failure to protect claims against Defendants Davis, Essex County, the

---

[2] In his initial motion, Plaintiff named the Essex County Jail's re-entry program as a Defendant, but Plaintiff specifically states in his amended complaint that he instead intended to name the county itself, and wished to withdraw any claim against the program. (ECF No. 7 at 1-2). The re-entry program shall therefore be dismissed from this matter without prejudice.

Jail, and Charles Green; as well as a claim based on the allegedly false disciplinary report against

Defendants Green and Davis.

### 1. Plaintiff's failure to protect claims

First, Plaintiff seeks to raise a claim against all Defendants based on their failure to protect

him from his assault by other inmates after being locked in his cell.  As the Third Circuit has

explained,

> [w]hile the Eighth Amendment requires prison officials "to protect
> prisoners from violence at the hands of other prisoners," not every
> prisoner-inflicted injury amounts to a constitutional violation.
> *Farmer v. Brennan*, 511 U.S. 825, 833–34[] (1994).  To state a
> failure-to-protect claim, a prisoner "must plead facts that show (1)
> he was incarcerated under conditions posing a substantial risk of
> serious harm, (2) the official was deliberately indifferent to that
> substantial risk to his health and safety, and (3) the official's
> deliberate indifference caused him harm." *Bistrian v. Levi*, 696 F.3d
> 352, 367 (3d Cir.2012) (citing *Farmer*, 511 U.S. at 834[]).  An
> official acts with deliberate indifference when he or she knows of
> and disregards a substantial risk of serious harm to inmate health or
> safety. *Farmer*, 511 U.S. at 837[].  It does not matter "whether a
> prisoner faces an excessive risk of attack for reasons personal to him
> or because all prisoners in his situation face such a risk." *Id.* at
> 843[].

*Parkell v. Markell*, 622 F. App'x 136, 139 (3d Cir. 2015).  In this matter, Plaintiff has pled a

cognizable failure to protect claim against Defendant Davis, and this Court will therefore permit

that claim to proceed at this time.

To the extent Plaintiff seeks to raise a supervisory failure to protect claim against Charles

Green, however, Plaintiff must clear additional hurdles.  Under § 1983, a claim for supervisory

liability may not be premised solely on a respondeat superior theory of liability. *See Iqbal*, 556

U.S. at 676; *see also Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988).  A "defendant

in a civil rights action must [instead] have personal involvement in the alleged wrongs" and a plaintiff must therefore plead a supervisory defendant's involvement in the alleged violation through means other than vicarious liability. *Rode*, 845 F.2d at 1207-08. Generally, this requires a plaintiff to show each supervisor's participation by pleading either that the supervisor's "establishment of policies, practices or customs . . . directly caused the constitutional violation[,] personal liability based on the supervisor participating in the violation of [the p]laintiff's right, [that the supervisor] direct[ed] others to violate [the p]laintiff's rights, or [that the supervisor had actual] knowledge of and acquiesc[ed] to a subordinate's conduct." *Doe v. New Jersey Dep't of Corr.*, Civil Action No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015) (quoting *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316-20 (3d Cir. 2014), *rev'd on other grounds*, 135 S. Ct. 2042 (2015)); *see also Tenon v. Dreibelbis*, 606 F. App'x 681, 688 (3d Cir. 2015).

Likewise, where a plaintiff seeks to raise a § 1983 claim against a municipality, such as Essex County, the plaintiff must establish that the municipality itself was responsible for the constitutional violation in question, rather than merely assert that municipality is responsible for the acts of its employees. *Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35-36 (2010) (citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978)). A plaintiff will therefore make out a claim against a municipality where he pleads facts showing that the action which violated his rights "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the municipality, or was the result of an unofficial custom put into place by the municipality, although that custom may not have been formally adopted by the official decision makers of the municipality. *Id.* at 36 (quoting *Monell*, 436 U.S. at 690-91). Based on this rule, the Third Circuit has found that

> [t]here are three situations where acts of a governmental employee
> may be deemed to be the result of a policy or custom of the

6

governmental entity for whom [he] works, thereby rendering the entity liable under § 1983. The first is where the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy. The second occurs where no rule has been announced as policy but federal law has been violated by an act of the policymaker itself. Finally, a policy or custom may also exist where the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.

*Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (internal quotations and citations omitted).

In this matter, Plaintiff tries to tie both Warden Green and Essex County to Davis's alleged failure to protect him by asserting that the jail's re-entry program lacked any policy or rule regarding the movement of inmates into the cells of others, and their being locked within those cells. Plaintiff does no assert that there is a history of incidents involving inmates being locked into the cells of others, nor a history of attacks such as the one he suffered because of the absence of any policy. Additionally, Plaintiff's amended complaint is silent as to what policy he believes the jail should have had, or how a policy against locking inmates in the cells of others would have curtailed the alleged purposeful acts of Davis including locking two individuals into Plaintiff's cell and encouraging them to attack Plaintiff. Given these shortcomings, Plaintiff has not pled facts that would suggest the need for the vague policy he desires was entirely obvious, nor has he pled facts which would show that the existing practice and policies were obviously inadequate, such that a failure to act on the part of Green and Essex County amounted to deliberate indifference to the need for a policy as to lock-ins and inmates entering the cells of others. Thus, Plaintiff has failed to plead either a cognizable claim for supervisory liability based on the failure to adopt a policy or a *Monell* municipal liability claim on that basis, and Plaintiff's failure to protect claims

7

against Green and the County must therefore be dismissed without prejudice at this time. *Natale*, 318 F.3d at 584; *Doe*, 2015 WL 3448233 at *9.

Plaintiff also seeks, in his complaint, to raise his failure to protect claim against the Essex County Jail itself. However, a county jail is not a proper § 1983 defendant as a county jail is not a "person" for § 1983 purposes. *See Harris v. Hudson Cnty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. April 8, 2015). The proper defendant is instead the county which operates the jail. *Id.* The Essex County Jail must therefore be dismissed from this matter with prejudice.

### 2. Plaintiff's False Disciplinary Report Claim

Next, Plaintiff attempts to raise claims against Defendants Green and Davis based on Davis's filing of a false disciplinary report against him. "[T]he act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights." *Poole v. Mercer Cnty. Corr. Ctr.*, No. 11-3730, 2012 WL 694689, at *2 (D.N.J. Feb. 29, 2012); *see also Mimms v. U.N.I.C.O.R.*, 386 F. App'x 32, 36 (3d Cir. 2010) (the "filing of false disciplinary charges does not constitute a claim under § 1983 so long as the inmate was granted a hearing and an opportunity to rebut the charges"); *Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002). Instead, a plaintiff would only have a claim for relief based on the filing of a false disciplinary report where he pleads facts which show that he was denied Due Process insomuch as he was not provided with a hearing and an opportunity to rebut the charges contained in that report. *Mimms*, 386 F. App'x at 36. Although Plaintiff claims in his complaint that Davis filed a false report, he also directly states that he had a hearing before a disciplinary hearing officer based on the charges raised in that report, after which he received a disciplinary penalty in the form of six months administrative segregation and a loss of his "comp time." (*See* ECF No. 7-1 at 5, 12). As Plaintiff has therefore not pled that he was

8

actually denied Due Process at the hearing on the allegedly false disciplinary report in his amended complaint, Plaintiff's false disciplinary report claim fails to state a claim against either Davis or Green, and that claim must be dismissed without prejudice. *Id.*

Although that finding alone is sufficient to establish that Plaintiff's false disciplinary report claim must be dismissed, because Plaintiff has filed two motions for injunctive relief (ECF Nos. 4 and 9) seeking his release from administrative segregation based on this claim, an additional issue arises with which this Court must resolve. Specifically, both via his injunction motions and his current complaint, Plaintiff seeks to use § 1983 to attack the validity of the outcome of his disciplinary hearing. Plaintiff's amended complaint, however, states that the outcome of that disciplinary hearing caused Plaintiff not only to be placed into administrative segregation, but also to lose credits against his sentence in the form of "comp time." (ECF No. 7-1 at 12).

Because Plaintiff was not only placed into administrative segregation, but also lost some credits towards the length of his sentence, success on his Due Process claim would directly imply the invalidity of the length of his imprisonment insomuch as any success on that claim would result in his receipt of his lost credits, which would reduce the length of his sentence. Since success on this claim would imply the invalidity of the duration of Plaintiff's sentence, Plaintiff's nascent Due Process claim arising out of the allegedly false disciplinary report is barred and Plaintiff may not proceed on that claim until such time as he has had the result of his disciplinary hearing invalidated through direct appeal or some form of collateral attack. *See, e.g., Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration"); *see also Taylor v. Danberg*,

9

603 F. App'x 70, 72 (3d Cir. 2015) (restoration of lost jail credits can only be sought in federal

court in a habeas proceeding, such claims may not be brought under § 1983 prior to the invalidation

of the loss of the credits). Thus, even if Plaintiff had pled that he was denied Due Process, his

claim would be barred until such time as he has had the loss of his jail credits invalidated. Thus,

Plaintiff's Due Process related claim must be dismissed without prejudice.

Having established that Plaintiff's nascent Due Process claims are barred at this time, the

Court now turns to Plaintiff's outstanding motions for an injunction. In those motions, Plaintiff

seeks to be released from administrative segregation based on his assertion that he is only so

confined based on the false report filed against him by Defendant Davis. Injunctive relief is an

"extraordinary remedy, which should be granted only in limited circumstances." *Novartis*

*Consumer Health v. Johnson & Johnson – Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d

Cir. 2002). In order to show that he is entitled to such relief, a plaintiff must

> demonstrate that "(1) he is likely to succeed on the merits; (2) denial
> will result in irreparable harm; (3) granting the injunction will not
> result in irreparable harm to the defendants; and (4) granting the
> injunction is in the public interest." *Maldonado v. Houston*, 157
> F.3d 179, 184 (3d Cir. 1998) (as to preliminary injunction); *see also*
> *Ballas v. Tedesco*, 41 F. Supp. 2d 531, 537 (D.N.J. 1999) (as to
> temporary restraining order). A plaintiff must establish that all four
> factors favor preliminary relief. *Opticians Ass'n of America v.*
> *Independent Opticians of America*, 920 F.2d 187 (3d Cir. 1990).

*Ward v. Aviles*, No. 11-6252, 2012 WL 2341499, at *1 (D.N.J. June 18, 2012). As explained

above, Plaintiff has failed to state a cognizable Due Process claim at this time, and, even if he had

done so, Plaintiff's purported Due Process claim would be barred until such time as Plaintiff has

had the outcome of his disciplinary hearing invalidated. As such, Plaintiff has failed to show that

he is likely to succeed on the merits as to the claim that forms the basis for his request for release

from administrative segregation, and his motions for an injunction must be denied without prejudice at this time. *Id.*


### 3. Plaintiff's Motion for the Appointment of Counsel

The final issue before the Court at this time is Plaintiff's motion for the appointment of *pro bono* counsel. (ECF No. 6). Although plaintiffs have no right to the appointment of counsel in civil suits such as this one, this Court has wide discretion to appoint counsel where the Court finds that such an appointment is warranted. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002); *see also Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). In determining whether the appointment of counsel is warranted, this Court must first determine whether the plaintiff is indigent and whether his claims have merit. *Tabron*, 6 F.3d at 155-57; *Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011). Where an indigent plaintiff presents meritorious claims, the Court then weighs various factors to determine whether the appointment of counsel is warranted. *Tabron*, 6 F.3d at 155-57; *Cuevas*, 422 F. App'x at 144-45. Those factors include the litigant's ability to present his case, the complexity of the legal issues involved, the degree to which factual investigation will be necessary and the plaintiff's ability to conduct such an investigation, the litigant's ability to retain counsel on his own behalf, the extent to which the case turns on credibility, and whether expert testimony will be required to resolve the case. *Tabron*, 6 F.3d at 155-57; *Cuevas*, 422 F. App'x at 144-45. This list of factors is not exhaustive, and this Court is free to consider any other relevant factors in making its determination. *Montgomery*, 294 F.3d at 499.

In this matter, Plaintiff has presented only one claim of sufficient merit to survive screening – his claim that Davis failed to protect him when he locked Plaintiff in his cell with two other

inmates and left when those inmates began to attack Plaintiff rather than stop them. Even granting that this claim has at least arguable merit and that Plaintiff is indigent, this Court finds that the appointment of counsel is not warranted in this matter. Although Plaintiff argues that his case is complex and that he has only a limited ability to represent himself, this Court finds that Plaintiff's only arguably meritorious claim is a simple and relatively straight-forward failure to protect claim, and that Plaintiff's filings in this matter indicate that he is adequately able to present his claims in a cogent fashion. Likewise, although credibility may be an issue in this matter, it is highly unlikely that much in the way of expert testimony will be required and, given the existence of an administrative disciplinary record in this matter, it is likely that little additional investigation will be required to resolve Plaintiff's claims. Thus, this Court finds that the factors weigh against the appointment of counsel, and Plaintiff's motion for the appointment of counsel is denied without prejudice.

**III. CONCLUSION**

For the reasons stated above Plaintiff's motion for leave to amend his complaint (ECF No. 7) is GRANTED; Plaintiff's failure to protect claim will PROCEED at this time against Defendant Davis only; the Essex County Jail is DISMISSED from this matter WITH PREJUDICE, all of Plaintiff's remaining claims are DISMISSED WITHOUT PREJUDICE; and Plaintiff's motions for the appointment of counsel (ECF No. 6) and for a preliminary injunction (ECF Nos. 4, 9) are DENIED WITHOUT PREJUDICE.  An Appropriate order follows.

Hon. Jose L. Linares,
United States District Judge